**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIAN DAVID ALVAREZ-HENAO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-4981** |
| | : | |
| **JAMAL L. JAMISON, JOHN RIFE** | : | |

## ORDER

**AND NOW,** this 20th day of July 2026, upon considering an incarcerated man's amended Petition for habeas corpus (ECF 2) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for several years and being detained without reason, Respondents' Opposition (ECF 6) declining to meaningfully respond to the Petition and instead incorporating arguments advanced in earlier cases, considering the uncontested allegations regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, mindful the United States repeats the same arguments denied by us and our colleagues from several earlier similar petitions, and finding, as we already found and our colleagues in now hundreds of cases nationwide have found facing similar fact patterns,[1] Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[2] and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Amended Petition for habeas corpus (ECF 2) requiring we order:

1.      Petitioner Julian David Alvarez-Henao is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      Respondents shall **forthwith** release Julian David Alvarez-Henao from federal government custody no later than **3:00 PM EST** on **July 20, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **9 AM EST** on **July 21, 2026**;

3.      Respondents are temporarily enjoined from re-detaining Julian David Alvarez-Henao until no earlier than **August 3, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Alvarez-Henao with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4.      Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Alvarez-Henao from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Alvarez-Henao is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Alvarez-Henao from this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Alvarez-Henao; and,

5.      The Clerk of Court **CLOSE** this case.

KEARNEY, J.

---

[1]The United States begins by acknowledging Mr. Alvarez-Henao's amended Petition raises an issue we and our colleagues have addressed in hundreds of earlier cases. ECF 6 at 1. But it will file an actual opposition only if we request one. *Id.* The United States noted its appeals in two matters, now consolidated, are pending and our Court of Appeals heard argument on them on May

11, 2026. *Id.* at 2. The United States' abbreviated filing does not identify the earlier responses they purport to incorporate or respond to the verified allegations bearing on Mr. Alvarez-Henao's detention. It instead offers a few conclusory sentences asserting Mr. Alvarez-Henao remains an applicant "seeking admission" and requests denial. *Id.* at 1–2.

We nevertheless consider the legal position the United States has repeatedly advanced and reject it for the reasons explained in our earlier Orders and in the extensive decisions of our colleagues. *See e.g. Holguin Velez v. Jamison*, No. 26-1918, 2026 WL 893679, at *1 (E.D. Pa. Apr. 1, 2026) (Scott, J.); *Torres Jimenez v. McShane*, No. 26-1871, 2026 WL 811680, at *1 (E.D. Pa. Mar. 24, 2026) (Sánchez, J.) (collecting cases); *Teletor Jimenez v. Bondi*, No. 26-1698, 2026 WL 800952, at *2 (E.D. Pa. Mar. 20, 2026) (Hodge, J.); *Beridze v. Jamison*, No. 26-1611, 2026 WL 766171, at *2-5 (E.D. Pa. Mar. 18, 2026) (Rufe, J.); *Noicy v. Jamison*, No. 26-1388, 2026 WL 637635, at *2 & n.1 (E.D. Pa. Mar. 6, 2026) (Sánchez, J.) (collecting cases); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

[2] The United States provided us with a four-category break down of habeas petitions by immigration detainees challenging the authority of the Department of Homeland Security to detain them, including three categories of cases where the Department uses 8 U.S.C. § 1225(b)(2)(A) to detain them without a bond hearing. ECF 6 at 2 n.1. The United States agrees the Department detained Mr. Alvarez-Henao under 8 U.S.C. § 1225(b)(2)(A) but does not describe which category Mr. Alvarez-Henao's case falls into. *Id.* at 2. We, like our colleagues, find the *Q. Li* analysis does not compel detention under the "applicant for admission" and "seeking admission" language of 8 U.S.C. § 1225(b)(2) as argued by the United States. *See, e.g., Meireles de Oliveira v. Jamison*, No. 26-1246, 2026 WL 751946, at *2 (E.D. Pa. Mar. 16, 2026) (Hodge, J.).

The United States does not contest the facts asserted in Mr. Alvarez-Henao's habeas petition. Mr. Alvarez-Henao entered the United States around April 20, 2023. ECF 2 at ¶ 2. Mr. Alvarez-Henao's Application for asylum remains pending. *Id.* Mr. Alvarez-Henao has been a hard working and productive member of society. *Id.* at ¶ 3. Mr. Alvarez-Henao has no criminal history. *Id.* at ¶ 4.